# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# WESTERN DIVISION

| | |
|---|---|
| RINESON CURTIS ADAMS,<br><br>        Petitioner,<br><br>v.<br><br>CALIFORNIA HEALTH CARE FACILITY,<br><br>        Respondent. | No. CV 18-10-CJC (PLA)<br><br>**ORDER TO SHOW CAUSE RE: DISMISSAL OF HABEAS PETITION AS UNEXHAUSTED** |

Rineson Curtis Adams ("petitioner") initiated this action on January 2, 2018, by filing a Petition for Writ of Habeas Corpus by a Person in State Custody pursuant to 28 U.S.C. § 2254 ("Petition" or "Pet."). The Petition challenges his December 2016 conviction in the Los Angeles County Superior Court, case number BA411789, for murder (Cal. Penal Code § 187). (Pet. at 2). Petitioner raises the following grounds for relief: (1) false imprisonment and double jeopardy; and (2) he was not competent to stand trial. (Pet. at 5).

Petitioner in the Petition indicates that he appealed his conviction to the California Court of Appeal in Case Number B270285. (Pet. at 2). On September 7, 2017, the California Court of Appeal denied his appeal. People v. Adams, 2017 WL 3910875 (Cal. App. 2 Dist. Sept. 7, 2017). A review of the court of appeal's opinion shows that petitioner raised the following claims on direct appeal: "(1) because the jury's finding of premeditation lacks substantial evidentiary support,

[petitioner's] conviction for first degree murder must be reduced to second degree murder; and (2) [petitioner's] constitutional right to due process was violated when he was forced to appear before the jury in a "safety chair"; the restraint was prejudicial and unnecessary for courtroom security." Adams, 2017 WL 3910875, at *1. Subsequently, on November 21, 2017, the California Supreme Court denied his petition for review.[1] (See California Courts Appellate Courts Case Information website at appellatecases.courtinfo.ca.gov).

As a matter of comity, a federal court will not entertain a habeas corpus petition unless the petitioner has exhausted the available state judicial remedies on every ground presented in the petition. Rose v. Lundy, 455 U.S. 509, 518-22, 102 S. Ct. 1198, 71 L. Ed. 2d 379 (1982). The habeas statute explicitly provides that a habeas petition brought by a person in state custody "shall not be granted unless it appears that -- (A) the applicant has exhausted the remedies available in the courts of the State; or (B)(i) there is an absence of available State corrective process; or (ii) circumstances exist that render such process ineffective to protect the rights of the applicant." 28 U.S.C. § 2254(b)(1). Moreover, if the exhaustion requirement is to be waived, it must be waived expressly by the state, through counsel. See 28 U.S.C. § 2254(b)(3).

Exhaustion requires that petitioner's contentions be fairly presented to the state supreme court even if that court's review is discretionary. O'Sullivan v. Boerckel, 526 U.S. 838, 845-47, 119 S. Ct. 1728, 144 L. Ed. 2d 1 (1999); James v. Giles, 221 F.3d 1074, 1077, n.3 (9th Cir. 2000). Petitioner must give the state courts "one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process" in order to exhaust his claims. O'Sullivan, 526 U.S. at 845. A claim has not been fairly presented unless the prisoner has described in the state court proceedings both the operative facts and the federal legal theory on which his claim is based. See Duncan v. Henry, 513 U.S. 364, 365-66, 115 S. Ct. 887, 130 L. Ed. 2d 865 (1995); Picard v. Connor, 404 U.S. 270, 275-78, 92 S. Ct. 509, 30 L. Ed. 2d 438

---

[1] Petitioner in the Petition states that the California Court of Appeal has not yet issued a decision and that his "appeal is not finished." (Pet. at 3). He also states that he never filed a petition for review (or habeas petition) in the California Supreme Court. (Id. at 5). As set forth herein, however, his direct appeal has in fact concluded.

(1971); Johnson v. Zenon, 88 F.3d 828, 830 (9th Cir. 1996); Bland v. Cal. Dep't of Corr., 20 F.3d 1469, 1473 (9th Cir. 1994), overruled on other grounds by Schell v. Witek, 218 F.3d 1017 (9th Cir. 2000). State remedies are not exhausted if an appeal or petition for post-conviction relief is still pending in state court. Sherwood v. Tomkins, 716 F.2d 632, 634 (9th Cir. 1983) (if petitioner has a pending state appeal, he "must await the outcome of his appeal before his state remedies are exhausted"); Schnepp v. Oregon, 333 F.2d 288, 288 (9th Cir. 1964) (per curiam) (state remedies are unexhausted where a petition for post-conviction relief is still pending in state court). Petitioner has the burden of demonstrating that he has exhausted available state remedies. See, e.g., Brown v. Cuyler, 669 F.2d 155, 158 (3d Cir. 1982).

Here, it appears that petitioner has not exhausted his state judicial remedies in connection with this matter because his claims presented in the instant Petition (i.e., claims of mental incompetence, double jeopardy, and false imprisonment) were not raised in his direct appeal, and he has not filed any state habeas petitions. As the instant Petition appears to be entirely unexhausted, it is subject to being dismissed without prejudice. Greenawalt v. Stewart, 105 F.3d 1268, 1271, 1273-75 (9th Cir. 1997).

For the foregoing reasons, **no later than January 30, 2018,** petitioner is ordered to show cause why the Petition should not be dismissed without prejudice for failure to exhaust state remedies. To avoid dismissal, petitioner must file proof with this Court **on or before January 30, 2018**, that each ground for relief set forth in the instant Petition has previously been presented to the California Supreme Court, by providing this Court with a complete copy of either the petition for review or state habeas petition raising each of those claims to the California Supreme Court. Filing of such proof shall be deemed compliance with this Order to Show Cause.

If petitioner agrees that the action should be dismissed without prejudice as unexhausted, he may file a notice of voluntary dismissal pursuant to Federal Rule of Civil Procedure 41(a)(1) ("Rule 41"). Rule 41 allows for the voluntary dismissal of an action by a petitioner[2] without

---

[2] Rule 12 of the Rules Governing Section 2254 Cases in the United States District Courts provides that "[t]he Federal Rules of Civil Procedure, to the extent that they are not inconsistent
(continued...)

prejudice and without a court order before the opposing party serves either an answer or a motion for summary judgment. Fed. R. Civ. P. 41(a)(1); <u>Hamilton v. Shearson-Lehman Am. Express, Inc.</u>, 813 F.2d 1532, 1534 (9th Cir. 1987). Respondent has not filed either an answer or a motion for summary judgment. The Court clerk is directed to send petitioner a copy of a blank Central District form titled "Notice of Dismissal Pursuant to Federal Rules of Civil Procedure 41(a) or (c)" along with this Order to Show Cause.

**Petitioner is advised that his failure to timely respond to this Order, as set forth herein, will result in the action being dismissed as unexhausted, as well as for failure to prosecute and follow Court orders.**

DATED: January 9, 2018

*Paul L. Abrams*

            PAUL L. ABRAMS
   UNITED STATES MAGISTRATE JUDGE

---

[2](...continued)
with any statutory provisions or these rules, may be applied to a proceeding under these rules." <u>See</u> also <u>Hilton v. Braunskill</u>, 481 U.S. 770, 776 & n.5 (1987) (Federal Rules of Civil Procedure may be applied to habeas petitions so long as they are not inconsistent with the Rules Governing Section 2254 Cases). The Rules Governing Section 2254 Cases do not contain a specific provision addressing voluntary dismissals. <u>See</u> <u>Clark v. Tansy</u>, 13 F.3d 1407, 1411 (10th Cir. 1993) (applying Rule 41 to a petitioner's request for voluntary dismissal of his habeas petition); <u>Williams v. Clarke</u>, 82 F.3d 270, 273 (8th Cir. 1996) ("a Rule 41(a)(1) voluntary dismissal is both appropriate and consistent with the rules governing habeas cases"); <u>Woods v. Knowles</u>, 2003 WL 21767470, at *1 (N.D. Cal. July 23, 2003). Thus, Rule 41, which otherwise governs such dismissals, is applicable to this habeas action.